UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAISON WBILSON ANTUNEZ REYES,

Petitioner,

Case No. 2:26-cv-2809-KCD-KRH

v.

TODD BLANCHE, U.S. ATTORNEY GENERAL, *et al.*,

Respondents.
_________________________________/

# ORDER

Petitioner Jaison Wbilson Antunez Reyes is currently detained by U.S. Immigration and Customs Enforcement. He received a bond hearing before an immigration judge on September 1, 2026. (Doc. 5-1 at 3-4.) He now claims that his detention violates the Fifth Amendment. (Doc. 1.)[1] The Government opposes the petition. (Doc. 5.)

Reyes seems to argue that the immigration judge got the facts wrong: "The Immigration Judge's materially erroneous factual findings deprived Petitioner of a meaningful, individualized custody determination and resulted in his continued deprivation of liberty without constitutionally adequate process." (Doc. 1 ¶ 41.) But "[t]he Court does not have jurisdiction to

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). Reyes has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e). But this Court does not sit in appellate review of the bond hearing, which is what Reyes asks. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Reyes does not otherwise claim that the bond hearing was unconstitutional beyond a boilerplate contention that the bond hearing violated his due process rights. (Doc. 1 ¶¶ 41, 55.)

Because Reyes has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 5, 2026.

Kyle C. Dudek
United States District Judge